UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO.:

Raymond Veitia
and other similarly situated individuals,

      Plaintiff(s),

v.

Members Only Management, LLC
d/b/a Trapeze
a/k/a Trapeze Swingers Club,
and Alan Mostow, individually

      Defendants,

_____/

**<u>COLLECTIVE ACTION COMPLAINT</u>**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, Raymond Veitia, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Members Only Management, LLC, d/b/a Trapeze, a/k/a Trapeze Swingers Club, and Alan Mostow, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Raymond Veitia is a resident of Polk County, Florida working in Broward County. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Members Only Management, LLC, d/b/a Trapeze, a/k/a Trapeze Swingers Club, (from now on, Trapeze Swingers Club, or Defendant) is a Florida Limited Liability

Company. Defendant has a place of business in Tamarac, Broward County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant Alan Mostow is the owner/partner and manager of Defendant Corporation Trapeze Swingers Club. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this Complaint took place in Broward County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Raymond Veitia as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2021, (the "material time") without being adequately compensated.

7. Defendant Trapeze Swingers Club is an adult entertainment nightclub located at 5213 N. State Road 7, Tamarac, FL 3319, where Plaintiff worked.

8. The individual Defendant Alan Mostow was the owner/manager and supervised the day-to-day operations of the business.

9. Defendants Trapeze Swingers Club and Alan Mostow employed Plaintiff Raymond Veitia as a non-exempted, full-time, salaried employee from December 14, 2021, to April 01, 2022, or 15 weeks.

10. Plaintiff worked as security, assistant manager, maintenance employee, and locker room attendant. Plaintiff was paid a salary of $900.00 weekly.

11. While employed by Defendants,  Plaintiff had a regular schedule. Plaintiff worked at the club 5 days per week, from 6:00 PM, to 4:00 AM (10 hours), or a total of 50 hours weekly.

12. Plaintiff was paid $900.00 covering 50 hours. Thus, Plaintiff's regular rate was $18.00 an hour. Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours as required by law.

13. Furthermore, Plaintiff worked at home 7 days per week, at least one-hour daily, checking work-related e-mails. This time constituted 7 hours off-the-clock overtime hours that were not compensated at any rate, not even at the minimum wage rate.

14. Plaintiff did not clock in and out all the time, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid by direct deposits with paystubs that did not reflect the actual number of hours worked.

17. Plaintiff was fired on or about April 01, 2022.

18. Plaintiff Raymond Veitia seeks to recover 10 hours of half-time weekly, plus 7 off-the-clock overtime hours at the rate of time and one-half his regular rate for every week he worked for Defendants, liquidated damages, and any other relief as allowable by law.

<u>**COUNT I:**</u>
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
<u>**FAILURE TO PAY OVERTIME; AGAINS ALL DEFENDANTS**</u>

19. Plaintiff Raymond Veitia re-adopts every factual allegation stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff Raymond Veitia and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

21. The Employer, Trapeze Swingers Club was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as nightclub. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

22. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

23. Defendants Trapeze Swingers Club and Alan Mostow employed Plaintiff Raymond Veitia as a non-exempted, full-time, salaried employee from December 14, 2021, to April 01, 2022, or 15 weeks.

24. Plaintiff worked as security, assistant manager, maintenance employee, and locker room attendant. Plaintiff was paid a salary of $900.00 weekly.

25. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked at the club 5 days per week, a total of 50 hours weekly.

26. Plaintiff was paid $900.00 covering 50 hours. Thus, Plaintiff's regular rate was $18.00 an hour. Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours as required by law.

27. Furthermore, Plaintiff worked at home 7 days per week, at least one-hour daily, checking work-related e-mails. This time constituted 7 hours off-the-clock overtime hours that were not compensated at any rate, not even at the minimum wage rate.

28. Plaintiff did not clock in and out all the time, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. Plaintiff was paid by direct deposits with paystubs that did not reflect the actual number of hours worked.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

33. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages:</u>

       Four Thousand One Hundred Eighty-Five Dollars and 00/100 ($4,185.00)

    b. <u>Calculation of such wages:</u>

       Total period of employment:  15 week
       Relevant weeks of employment:  15 weeks
       Total number of hours worked: 50 weekly
       Paid:  $900.00 weekly: 50 working hours =$18.00
       Regular rate: $18.00 x 1.5=$27.00 an hour
       O/T rate $27.00-$18.00 rate paid= $9.00 half-time difference

       1.- Overtime for 10 hours for 15 weeks

       Half-time $9.00 x 10 O/T hours=$90.00 weekly x 15 weeks =$1,350.00

       2.- Overtime for 7 off-the-clock overtime hours for 15 weeks

O/T rate $27.00 x 7 off-the-clock hours=$189.00 weekly x 15 weeks=$2,835.00

Total # 1, and #2: $4,185.00

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

34. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

35. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

36. At times mentioned, individual Defendant Alan Mostow was the owner/partner and manager of Trapeze Swingers Club. The individual Defendant Alan Mostow was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in Trapeze Swingers Club's interests, concerning its employees, including Plaintiff and others similarly situated. Defendants Alan Mostow had financial and operational control of the business, and he determined the terms and working conditions of Plaintiff and other similarly situated employees. Defendant Alan Mostow is jointly and severally liable for Plaintiff's damages.

37. Defendants Trapeze Swingers Club and Alan Mostow willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Raymond Veitia and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Raymond Veitia and other similarly situated individuals and against Defendants Trapeze Swingers Club and Alan Mostow based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Raymond Veitia actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Raymond Veitia demands a trial by a jury of all issues triable as of right by a jury.

Dated:  July 31, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*